Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PINK LOTUS ENTERTAINMENT LLC, <br><br>   Plaintiff, <br>   v. <br><br> DOES 1-46, <br><br>   Defendants. | No. C-11-02263 HRL <br><br> **PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY** |

**PLAINTIFF'S *EX PARTE* APPLICATION FOR, AND MEMORANDUM OF LAW IN SUPPORT OF, LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE**

Plaintiff Pink Lotus Entertainment LLC, by and through its undersigned counsel, and pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 45, hereby moves this Court *ex parte* for an Order permitting Plaintiff to take limited discovery prior to the FRCP 26(f) conference. Plaintiff's application is in accordance with the Court's Local Rule ("L.R.") 7-10, as it is authorized under FRCP 26(d) and 45.

In the alternative, and in light of the Court's general resistance to *ex parte* applications (*see* L.R. 7-10), Plaintiff's request may be viewed as a Motion for Administrative Relief for Leave to Take Immediate Discovery pursuant to L.R. 7.11. *See UMG Recordings v. Does 1-4,* 64 Fed. R.

Serv.3d 305 (Chen) (N.D. Cal. March 6, 2006). Either way, the request is the same: Plaintiff asks for expedited discovery now in order to later name Doe Defendants in this case.

Plaintiff respectfully requests this matter be heard, or a decision be reached without a hearing, as soon as possible. As described below, due to the nature of Plaintiff's investigation, time is of the essence when identifying Doe Defendants in this case.

## I.     INTRODUCTION

Plaintiff Pink Lotus Entertainment LLC filed this action to stop Defendants from reproducing and distributing to others over the Internet unauthorized copies of it content (hereinafter "the Works"), and to pursue monetary damages from Defendants. Using so-called "peer-to-peer" (hereinafter "P2P") file "swapping" networks, Defendants' copyright infringements allow them and untold others to unlawfully obtain and distribute for free and without Plaintiff's permission the copyrighted Works that Plaintiff has invested substantial sums of money to create. Plaintiffs are suing Defendants as Doe Defendants because Defendants committed their infringement under the cover of Internet Protocol (hereinafter "IP") addresses, as opposed to using their actual names. Plaintiff has identified Doe Defendants' IP addresses (as well as other pertinent information), and attached this list to the Complaint as Exhibit A [DKT#1 at 13].

Plaintiff seeks leave of Court to serve *limited* discovery prior to a Rule 26(f) conference on several enumerated non-party Internet Service Providers ("ISPs") *solely* to determine the true identities of Doe Defendants that Plaintiff will fully identify during the course of this litigation, as Plaintiff's infringement prevention efforts are on-going and continuing. The only way that Plaintiff can determine Defendant's actual names is from the ISPs to which Defendants subscribe and from which Defendants obtain Internet access. This information is readily available to the ISPs from documents they keep in the regular course of business, and getting it is of minimal effort to them.

//

## II. BACKGROUND

This request is far from unique. Granting such applications is commonplace. Over the past decade, federal district courts throughout the Ninth Circuit and the United States have freely permitted expedited discovery in Doe Defendant lawsuits with factually interchangeable scenarios.[1]

Generally, in these types of cases, copyright holder plaintiffs use information similar to that gathered by Plaintiff in the instant case as the basis for their proposed subpoenas to the ISPs. As evidenced by the various court opinions, such information is sufficient for such expedited subpoenas. Through the information they gather from the ISPs via these subpoenas, the plaintiffs are able to fully "identify" – i.e. retrieve name, address, telephone number, e-mail address, and Media Access Control (hereinafter "MAC") information – each P2P network user suspected of violating the plaintiff's copyright. As the Court understands, usually, in the interest of due process, the court will order the ISP to adequately notify the network user whose contact information has been turned over to the plaintiff that such action has occurred, and has ample opportunity to quash the subpoena. Once the plaintiff has a doe defendant's contact information, the defendant will be formally named in the suit, service of process will be effectuated, and the case will be allowed to proceed as usual. (*See* Declaration of Brett L. Gibbs (hereinafter "Gibbs Decl.") ¶ 4, <u>Exhibit B</u> to

---

[1] *See, e.g., UMG Recordings*, 64 Fed. R. Serv.3d 305; *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999); *Warner Bros. Records, Inc. v. Does 1-6*, 527 F.Supp.2d 1 (D.D.C. 2007); *Columbia Pictures Industries, Inc. v. John Doe* (67.123.19.140), Case No. C-04-5243 (N.D. Cal.) (Hamilton); *Rocker Mgmt. LLC v. John Does*, No. 03-MC-33 2003 WL 22149380 (N.D. Cal 2003); *UMG Recordings, Inc. v. John Doe*, 2008 U.S. Dist. LEXIS 79087, Case No. 08-1193 (N.D. Cal. 2008) (Armstrong) (in a strikling similar case, Judge Armstrong grants *ex parte* application for expedited discovery); *UMG Recordings, Inc. v. John Doe*, 2008 U.S. Dist. LEXIS 92788, Case No. 08-1038 (N.D. Cal. 2008) (Armstrong) (in another similar case, Judge Armstrong grants *ex parte* application for expedited discovery); *Collins, Inc. v. Does 1-1219*, 97 U.S.P.Q.2D (BNA) 1667 (N.D. Cal. 2010) (in another similar case, Magistrate Judge Beeler grants *ex parte* application for expedited discovery); *VPR Internationale v. Does 1-17*, 2011 WL 1465836, C-11-1494 (N.D. Cal 2011) (Beeler); *Hard Drive Productions, Inc. v. Does 1-118*, 2011 WL 1431612, C-11-1567 (N.D. Cal 2011) (Beeler); *First Time Videos, LLC v. Does 1-37*, 2011 WL 1431619, C-11-1675 (N.D. Cal 2011) (Beeler): *IO Group, Inc. v. Does 1-65*, 2010 U.S. Dist. LEXIS 114039, Case No. 10-4377 (N.D. Cal. 2010) (Conti); *Zoosk Inc. v. Does 1-25*, 2010 U.S. Dist. LEXIS 134292, (N.D. Cal. 2010) (Beeler); *Texas Guaranteed Student Loan Corp. v. Deepinder Dhindsa*, 2010 U.S. Dist. LEXIS 65753, Case No. 10-00335 (E.D. Cal. 2010) (Oberto); *Arista Records, Inc., et al., v. Does 1-12*, 2008 U.S. Dist. LEXIS 82548, 08-CV-1242 (E.D. Cal.) (GSA); *Metro-Goldwyn-Mayer Pictures, Inc. v. Does 1-2*, Case No. 05-CV-0761-B (S.D. Cal.) (POR); *Voltage Pictures, LLC v. Does*, Case No. 1:10-cv-00873-RMU (D.D.C.); *Metro-Goldwyn-Mayer Pictures, Inc. v. Does 1-10*, Case No. 04-2005 (D.D.C.) (JR); *Allcare Dental Management, LLC v. Zrinyi*, 2008 U.S. Dist. LEXIS 84015, Case No. 08-407 (Idaho 2008) (Wimmill).

this Application).  All of the district courts that have been presented with this issue have understood the importance of allowing the plaintiffs to identify the alleged violators in these actions. *See id.*  As far as Plaintiff's counsel can tell, in fact, this Court has been unanimous in its support of such adequately supported applications.  *See id*. ¶ 6; *see also* n.1 (above).

Plaintiff respectfully requests that this Court follow the well-established precedent, and grant this application for leave to take expedited discovery against those ISPs listed in <u>Exhibit A</u> to the Complaint [DKT# 1 at 13] filed in this action together with various other ISPs operating both within and outside the State of California that Plaintiff later discovers, during the course of this litigation, where the actual entities providing Doe Defendants with online services and/or network access, and all of their respective subsidiaries, parent companies, and affiliates who may possess identifying data for the Doe Defendants.

### III.   FACTS

Doe Defendants, without authorization, used an online P2P media distribution system to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. (*See* Compl. – DKT#1).  Defendants operated under the cover of network addresses when they swarmed and distributed Plaintiff's copyrighted works.  As such, Plaintiff is unaware of Doe Defendants actual names. (*See* Declaration of Peter Hansmeier (hereinafter "Hansmeier Decl.") ¶¶ 21-22, <u>Exhibit A</u> to this Application).  As referenced above, Plaintiff has identified each Doe Defendant by a unique IP address, assigned to him/her by his/her ISP on the date and at the time of the Doe Defendant's infringing activity. (*See Id.* ¶ 15).  Plaintiff, by and through its investigators, also made a copy of substantial portions of the copyrighted work that each Defendant unlawfully distributed or made available for distribution through the file sharing networks, and confirmed that such files contained the work that was copyrighted by Plaintiff. (*See Id.* ¶ 19).  A technician collected this data through

specific systems and procedures designed to ensure that the information gathered on each Doe Defendant was accurate. (*See Id.* ¶ 12).

By using Media Copyright Group, LLC's ("MCG") proprietary file sharing forensic software to capture the unique IP address of each Doe Defendant, Plaintiffs have been able to identify certain ISPs that provided Internet access and unique IP addresses to each Doe Defendant. (*See Id.* ¶¶ 15-17). When provided with a Doe Defendant's IP address and the date and time of the infringing activity, an ISP can accurately identify the Doe Defendant (i.e. provide Plaintiff with the Doe Defendant's necessary contact information) because such information is contained in the ISP's subscriber activity log files. (*See Id.* ¶¶ 21-22). In light of the fact that infringement of Plaintiff's Works is ongoing, Plaintiff will continue to monitor torrent-based infringement of the Works, and, by this application, seeks the ability to pursue claims for copyright infringement against later-identified infringers. (*See Id.* ¶ 24; *see also* Gibbs Decl. ¶ 3).

In Plaintiff's case, time for discovery is of the essence. (*See* Gibbs Del. ¶ 5). Typically, ISPs keep log files of subscriber activities for only limited periods of time before erasing the data. Sometimes this storage may only last for only weeks or even days. (*See Id.* ¶ 21-22). Some ISPs lease or otherwise allocate certain of their IP addresses to other unrelated, intermediary ISPs. (*See Id.* ¶ 23). These lessor ISPs, therefore, have no direct contractual or business relationship with the end-user. Because of this detachment, they are unable to identify the Doe Defendants through their logs on their own without the assistance of their intermediary ISPs that should be able to identify the Doe Defendants by reference to their own user logs and records working in conjunction with the lessor ISPs. (*See Id.* ¶ 23).

//

//

//

# IV. DISCUSSION

### *1.  Legal Standard for Expedited Discovery.*

As Magistrate Judge Chen has pointed out, courts have wide discretion in organizing discovery. *See Semitool v. Tokyo Electron America*, Inc., *et al.*, 208 F.R.D. 273 (N.D. Cal. 2002). Courts typically allow for expedited discovery "in the interests of justice" under Rule 26(d). *See, e.g, Id.; Texas Guaranteed*, 2010 U.S. Dist. LEXIS 65753. Courts commonly find it "in the interests of justice" to allow accelerated discovery to identify doe defendants. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) ("…district court erred in dismissing [Plaintiff's] complaint against Doe simply because [Plaintiff] was not aware of Doe's identity at the time he filed the complaint."); *Equidyne Corp. v. Does 1-21*, 279 F.Supp. 2d 481, 483 (D. Del. 2003) (district court granted expedited discovery motion to allow the plaintiff to identify unknown defendants). In similarly situated copyright infringement actions brought by other motion picture studios, record companies, and producers against doe defendants, courts have consistently granted plaintiffs' motions for leave to take expedited discovery to serve subpoenas on ISPs to immediately obtain the identities of doe defendants prior to a Rule 26(f) conference. *See Warner Bros. Records, Inc. v. Does 1-6*, 527 F.Supp. 2d 1 (D.D.C. 2007) (plaintiff requests, and court allows, expedited Rule 45 subpoena service on Georgetown University to obtain identifying information – including name, current and permanent addresses, telephone numbers, email addresses, and MACs – of doe defendants). This Court's rulings have steadfastly followed this established rule. *See, e.g., UMG Recordings*, 64 Fed. R. Serv.3d 305; *IO Group, Inc.,* 2010 U.S. Dist. LEXIS 114039; *Zoosk Inc.*, 2010 U.S. Dist. LEXIS 134292.

When the identity of a doe defendant is indeterminable at the time the complaint is filed, the plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be

dismissed on other grounds." *Gillepsie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Based in part on *Gillespie*, a three-prong expedited-discovery-qualifying test was outlined by this Court in *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999). In order for a plaintiff to qualify for expedited discovery to identify nameless Internet users, the plaintiff must: (1) show whether the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity capable of being sued in federal court; (2) identify all previous steps taken to locate elusive defendant; and (3) establish that the suit could withstand a motion to dismiss. *Seescandy.com*, 185 F.R.D. at 578-578; *see also Rocker Mgmt. LLC v. John Does*, WL 22149380, Case No. 03-MC-33 (N.D. Cal. 2003) (court interprets and applies *Seescandy.com* standard in allowing limited expedited discovery).

In determining whether a plaintiff is entitled to expedited discovery in identifying a doe defendant, the district courts in the 9th Circuit implement an overarching "good cause" standard. *See Semitool,* 208 F.R.D. at 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id*; *see also UMG Recordings,* 64 Fed. R. Serv.3d 305 (Magistrate Judge Edward M. Chen perfectly lays out all of the issues, analyzes the application of rules to facts, and concludes that the plaintiff is entitled to leave to take immediate discovery).

### 2. *Plaintiff Satisfies the Three-Pronged Seescandy.com Test.*

#### (a) Plaintiff Identifies Doe Defendants with Sufficient Specificity.

As required, Plaintiff has sufficiently identified the Doe Defendants through locating the unique IP address each Doe Defendant was assigned at the time of the unauthorized distribution of the copyrighted Works. (Hansmeier Decl. ¶¶ 15-17); *See also, e.g., Seescandy.com,* 185 F.R.D. at 578-580 (such information satisfies "sufficient specificity" prong). These Doe Defendants gained access to the Internet through their respective ISPs (undercover of an IP address) only by setting up

an account with the various ISPs. (Hansmeier Decl. ¶¶ 15-17). The ISPs can identify each Defendant by name through the IP address by reviewing its subscriber activity logs. (*See Id*. ¶¶ 21-23). Thus, Plaintiff can show that all Defendants are "real persons" whose are known to the ISP and who can be sued in federal court. Plaintiff simply requests that this *ex parte* application be granted so that Plaintiff can match the IP address with its "real person" counterpart.

### (b) Plaintiff Has Adequately Exhausted All Possible Means to Identify Does.

Plaintiff has exhausted all possible means to attempt to find the Doe Defendants' names, addresses, phone numbers, email addresses, and MAC addresses. Plaintiff lacks any other means to obtain the subpoenaed information expect from discovery through the ISPs themselves. Plaintiff has specifically identified the steps taken to identify Doe Defendants' identities. (*See Id*. ¶¶ 12-20). Plaintiff has obtained each Doe Defendant's IP addresses and the date and time of the Defendant's infringing activities, have traced each IP address to specific ISPs, and has made copies of the Works each Defendant unlawfully distributed or made available for distribution. (*Id*. ¶¶ 15-18). At this point, Plaintiff has obtained all of the necessary information it possibly can on each Doe Defendant without discovery from the ISPs. (Gibbs Decl. ¶ 3). Plaintiff needs this limited information from the ISPs to simply connect the dots.

### (c) Plaintiff's Complaint Would Survive a Motion to Dismiss.

If the Court denies this *ex parte* application, the Court would strike a fatal blow in Plaintiff's otherwise meritorious case. (*See* Gibbs Del. ¶ 2). Ascertaining the true identities of these copyright infringers is the only thing holding this case back from proceeding forward. (*See Id*. ¶ 4). The only way to timely ascertain these identities is for the Court to grant this application.

Plaintiff has asserted a *prima facie* claim for direct copyright infringement in its Complaint that can withstand a motion to dismiss. Specifically, Plaintiff has alleged that: (a) it owns the exclusive reproduction and distribution rights, and exclusive rights under the copyright for the

Works for which a valid application for registration has been filed, and (b) the Doe Defendants copied or distributed the copyrighted Works without Plaintiff's authorization. *See* Complaint. These allegations adequately state a claim for copyright infringement. *See* 17 U.S.C. § 106(1)(3); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014-15 (9th Cir. 2001) ("Napster users who upload file names to the search index for others to copy violate plaintiffs' distribution rights. Napster users who download files containing copyrighted music violate plaintiffs' reproduction rights."); *In re* Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003).

There is little question that the Doe Defendants violated Plaintiff's rights. Now Plaintiff simply must be allowed to identify who they are.

### 3. Plaintiff Satisfies the Semitool *"Good Cause"* Standard for Expedited Discovery.

As Magistrate Judge Chen stated in *Semitool*, "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." 208 F.R.D. at 276. Courts have wide discretion in discovery matters and in interpreting "good cause." *See Id.;* Q*west Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001); *Warner Bros.,* 527 F.Supp.2d at 2.

In this case, good cause exists because knowing the true identities of the copyright violators, and thus allowing Plaintiff to carry forward with its case, outweighs negligible prejudice to the copyright violating Doe Defendants and the ISPs.

Good cause exists here because ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data. (*See* Hansmeier Decl. ¶¶ 21-23; Gibbs Decl. ¶ 6). If that information is erased, Plaintiff will have no ability to fully identify the Doe Defendants, and thus will be unable to pursue a lawsuit protecting itself against their devious copyrighting tactics. *Id.* Where "physical evidence may be consumed or destroyed with the

passage of time, thereby disadvantaging one or more parties to the litigation," good cause exists for expedited discovery under FRCP 26(d). *Qwest Comm.*, 213 F.R.D. at 419; *see also Pod-Ners, LLC v. Northern Feed & Bean of Lucerne*, LLC, 204 F.R.D. 675, 676 (D. Colo. 2002) (court allowed for expedited discovery where evidence would not be available to the plaintiff in the normal course). Put simply, Plaintiff may lose the ability to bring this suit without being able to timely serve the ISPs with subpoenas.

Good cause also exists because Plaintiff's claim for copyright infringement presumes irreparable harm to copyright owner. *See UMG Recordings, Inc. v. Doe*, 2008 2008 U.S. Dist. LEXIS 79087 (N.D. Cal. 2008) (the Honorable Judge Armstrong noted that, "In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and *there is a risk an ISP will destroy its logs prior to the conference*… This is because, in considering 'the administration of justice,' early discovery avoids ongoing, continuous harm to the infringed party and there is no other way to advance the litigation."); *also see Semitool*, 208 F.R.D. at 277; *Elvis Presley Enter., Inc. v. Passport Video*, 349 F.3d 622, 631 (9th Circuit 2003).  Not only will Plaintiff's suit will be fatally damaged if it is not allowed to be permitted to conduct expedited discovery, but Plaintiff's Works, Plaintiff's own unique copyrighted creations, will be devalued if the Court denies this motion.

### 4.     *Doe Defendants Have No Legitimate Expectation of First Amendment Privacy*

As Magistrate Judge Chen pointed out in *UMG Recordings*, Doe Defendants who "open[ed] their computers to others through peer-to-peer sharing" and signed service agreements with ISPs that did not have privacy stipulations, "had little expectation of privacy." 64 Fed. R. Serv.3d at 305.  The Doe Defendants here fall under this purview for the same reasons.  The Doe Defendants are, at best,

involved in quasi-speech, and Plaintiff's overriding interests in protecting its copyright overshadow any limited speech implications on the part of the Defendants. They have no legitimate expectation of privacy in the subscriber information they voluntarily provided to third-parties, i.e. the ISPs, much less in downloading and distributing copyrighted Works without Plaintiff's permission. *See Id.; see also Sony Music Entertainment, Inc. v. Does 1-40*, 326 F.Supp.2d 556 (S.D.N.Y. 2004) (court finds that "defendants have little expectations of privacy in downloading and distributing copyrighted songs without permission"); *Interscope Records v. Does 1-14,* 558 F.Supp.2d 1176, 1178 (D. Kan 2008); *Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001); *U.S. v. Hambrick*, 55 F.Supp.2d 504, 508 (W.D. Va. 1999), *aff'd,* 225 F.3d 656 (4th Cir. 2000).

Doe Defendants copied and distributed the Works without authorization under the cover of their IP addresses, and, therefore, their conduct was not entirely anonymous. They still are identifiable by the ISPs. Using publicly available technology, the unique IP address assigned to each Defendant at the time of infringement can be readily identified. (*See* Hansmeier Decl. ¶¶ 12-20). When Doe Defendants entered into a service agreement with the ISPs, they knowingly and voluntarily disclosed personal identification to it. As set forth above, this identification information is linked to the Doe Defendants' IP addresses at the time of infringement, and recorded in the ISPs' respective subscriber activity logs. Since Doe Defendants can, as a consequence, have no legitimate expectation of privacy in this information, this Court should grant Plaintiff leave to seek expedited discovery of their indentifying information. Absent such leave, Plaintiff will be unable to protect its copyright its copyrighted Works from continued infringement.

Where federal privacy statutes authorize disclosure pursuant to a court order, courts have held that a plaintiff must make no more than a showing of relevance under the traditional standards of Rule 26. *See Laxalt v. McClatchy*, 809 F.2d 885, 888 (D.C. Cir. 1987); *see also In re Gren*, 633 F.2d 825 n.3 (9th Cir. 1980) ("court order . . . [only requires] good faith showing that the consumer

records sought are relevant.") Clearly, Plaintiff meets the relevance standard as fully described in this Memorandum, the attached Declarations, and the Complaint.

### V. CONCLUSION

Plaintiff seeks leave to propound subpoenas on the variety of ISPs it has identified, and continues to identify as it continue to monitor torrent-based infringement of Plaintiff's Works, limited, immediate discovery sufficient to determine the Doe Defendants' true identities. To the extent that any ISP, in turn, identifies a different entity as the ISP providing network access and online services to the Doe Defendants, Plaintiff also seeks leave to serve, on any such later identified ISP, limited discovery sufficient to identify the Doe Defendant prior to the Rule 26 conference.

Specifically, Plaintiff applies for leave to, upon Court authorization, immediately serve FRCP 45 subpoenas to compel listed ISPs in Complaint [DKT#1], or a further discovered relevant subsidiary, to within fifteen (15) days turnover personal identification information it currently possesses, and may identify in the future during the course of this litigation, for each IP address linked to each individual Doe Defendant described in Attachment A to the Complaint (DKT#1 at 13), including each Doe Defendant's:

- True Name;
- Address;
- Telephone Number;
- E-mail Address; and
- Media Access Control Address.

Plaintiff will only use this information to prosecute the claims made in its Complaint. Further, Plaintiff understands that the subpoenaed ISPs will be able to notify their subscribers that this information is being sought, and each Doe Defendant will have the opportunity to raise any

objections before this Court prior to the return date of the subpoena. Thus, to the extent that any Defendant wishes to object, he or she may do so.

Put plainly, the factors weigh heavily in favor of compelling disclosure of the Doe Defendants' identifying information. Without disclosure of the Doe Defendants' identities, Plaintiff's litigation cannot proceed. To deny this motion would be to give those committing this online, peer-to-peer piracy carte blanche to repeat their infringing conduct. Permitting these acts would essentially render the federal copyright laws inapplicable to illegal Internet "sharing." Plaintiff prays that the Court recognize this, and Grant this Application by entering the later filed proposed order, or the Court's own order.

Respectfully Submitted,

STEELE HANSMEIER, PLLC,

**DATED: May 11, 2011**

By:     /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*