IN PRO SE
DOE DEFENDANT KNOWN AS: Yolanda P
Purported to be IP ADDRESS: 67-181-241-213

FILED
AUG 04 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Plaintiff: PINK LOTUS ENTERTAINMENT LLC.   ) Case No: 11-CV-02263-HRL
                                           )
        v.                                 )
                                           )
Defendant name(s),                         )
                                           )
DOES 1-46, DOE DEFENDANT KNOWN AS:         )
                                           )
Yolanda P, Purported IP# 67-181-241-213    )

### MOTION OF NONPARTY TO QUASH AND VACATE SUPOENA

Nonparty Yolanda P, purported IP# 67-181-241-213 ("Movant") hereby respectfully requests that this Court quash the subpoena purportedly served upon Movant or in the alternative declare that no valid subpoena has properly been served upon the Movant, pursuant to Fed. R. Civ.P.45.

As grounds therefore, Movant states as follows:

1. Movant lives in the city of Visalia, CA, which is 197 miles from San Jose, California.

2. On or about July 27th 2011, Comcast purported to serve on Movant a subpoena by UPS delivery, along with a cover letter, copies of which are attached hereto as Exhibit A.

3. The June 21,2011 Order Granting Plaintiff's Ex Parte Application to Take Limited Expedited Discovery required that the Order be served with the subpoena. The Order was not served on Movant.

4. The purported subpoena does not set forth a place for responding thereto that is within 100 miles of the residence of Movant, as required by Fed. R. Civ.P. 45(c)(3)(A)(ii).

5. Finally and most importantly, the purported subpoena would require that Movant disclose to plaintiff a list of persons who purportedly downloaded certain content or information despite these persons' privacy interest in avoiding such disclosure and despite their legitimate expectation of privacy in anonymously accessing and/or downloading information of interest to them from the Internet. In addition to being unduly burdensome and unfair to movant, this request raises concerns of tremendous constitutional significance that should not be resolved lightly or without careful analysis of their implications. The Supreme Court has repeatedly reaffirmed the constitutional right to speak anonymously, see, e.g., MacIntyre v. Ohio Elections Commission, 514 U.S. 334, 342 (1995), and at least one court has recognized the importance of protecting anonymous speech in the Internet context, See ACLU v. Miller, 977 F. Supp. 1228 1231 (ND GA 1997). Furthermore, the California Constitution guarantees a personal right of privacy. (California Constitution, Article 1, sec 1)

## CONCLUSION

The subpoena must be quashed because it was not properly served, because it violates the geographic limitations of Rule 45, and because it imposes an undue burden on Movant that raised significant constitutional questions.

Dated this 01st day of AUGUST, 2011

DOE DEFENDANT Yolanda P
PURPORTED TO BE:
IP: 67-181-241-213
IN PRO SE

**PROOF OF SERVICE**

Case name: Pink Lotus Entertainment, LLC v. Does 1-46

Case number: 11-CV-02263-HRL

On the date shown below, I, [name] Nancy M. Metcalf

served the following document(s): [title or name of the document(s)] Motion to Quash and Vacate Suppena

I served the documents by the following method(s): [Check all that apply.]

☐   FAX. The document(s) listed above were transmitted to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☑   U.S. MAIL. The document(s) listed above were placed in a sealed envelope with postage thereon fully prepaid, in the United States mail, addressed as set forth below.

☐   PERSONAL DELIVERY. The document(s) listed above were delivered personally to the persons at the addresses set forth below by [name of person who delivered the documents:]

☐   EXPRESS MAIL. The document(s) listed above were caused to be sent by Federal Express/Express Mail.

PROOF OF SERVICE, CASE NO. 11-CV-02263-HRL , PAGE 1 OF 2
[VLSP TEMPLATE]

| | |
|---|---|
| 1 | Recipients' Names and Addresses or Fax Numbers: *[write the names and addresses or* |
| 2 | *fax numbers of the people who were served]* |
| 3 | Brett L. Gibbs, Esq. (SBN 251000) |
| 4 | Steele Hansmeir PLLC. |
| 5 | 38 Miller Avenue, #263 |
| 6 | Mill Valley, CA 94941 |
| 7 | (415) 325-5900 |
| 8 | |
| ... | |
| 21 | I declare under penalty of perjury under the laws of the United States of America that the |
| 22 | foregoing is true and correct. |
| 23 | |
| 24 | Executed on *[date]* Aug. 3, 11 at *[city]* Visalia, California. |
| 25 | |
| 26 | Signature: Nancy M. Metcalf |
| 27 | Printed name: Nancy M. Metcalf |

PROOF OF SERVICE, CASE NO. 11-CV-02263-HRL, PAGE 2 OF 2
[VLSP TEMPLATE]



One Comcast Road
Downingtown, PA 00000
866-947-8572 Tel
866-947-5587 Fax

July 5, 2011

*Personal and Confidential*

*Via UPS Delivery*

YOLANDA P

Re:   *Pink Lotus Entertainment, LLC v. Does 1-46*
      United States District Court for the Northern District of California
      Docket No.: C-11-02263 HRL
      Order Entered: June 21, 2011
      Comcast File #: 280160

Dear Yolanda P

    Pink Lotus Entertainment, LLC has filed a lawsuit in the United States District Court for the Northern District of California. You have been identified via your assigned Internet Protocol address in this lawsuit for allegedly infringing Pink Lotus Entertainment, LLC's copyrights on the Internet by uploading and/or downloading a movie using a computer assigned the Internet Protocol address 67.181.241.213 on 4/01/2011 02:09:20 AM GMT. The Court has ordered Comcast to supply your name, address and other information to Pink Lotus Entertainment, LLC in the lawsuit referenced above and in the accompanying Subpoena, which is attached. Your case has been assigned Docket Number C-11-02263 HRL by the Court. If you have any questions about the lawsuit, you should consult an attorney immediately. Comcast cannot and will not provide any legal advice.

    Comcast will provide your name, address and other information as directed in the Order unless you or your attorney file a motion to quash or vacate the Subpoena no later than August 4, 2011. If you make this filing, you must notify Comcast in writing with a copy of the filing by sending it via fax to **(866) 947-5587** no later than August 4, 2011. If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Order to the Plaintiff.

    If you have any questions, you may contact us at **(866) 947-8572**.

                                        Sincerely yours,

                                        Comcast Legal Response Center

Attachments:   Copy of Court Order and accompanying Subpoena regarding civil action

SUBPOENA ATTACHMENT

The times listed below are in Coordinated Universal Time (UTC)

| IP Address | Date/Time (UTC) |
|---|---|
| 67.164.219.14 | 2011-03-11 03:55:38 PM |
| 67.181.241.213 | 2011-04-01 02:09:20 AM |
| 67.188.62.33 | 2011-04-28 10:15:08 PM |
| 71.195.110.63 | 2011-04-27 07:11:27 AM |
| 76.103.78.131 | 2011-03-24 10:00:06 AM |
| 76.20.46.99 | 2011-03-26 11:41:02 PM |
| 98.234.191.34 | 2011-03-13 04:38:56 AM |
| 98.239.124.27 | 2011-05-05 11:47:17 AM |
| 98.242.60.17 | 2011-04-13 07:35:50 AM |

IP

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

| PINK LOTUS ENTERTAINMENT, LLC, | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. C-11-02263 HRL |
| DOES 1-46, | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of California ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Comcast Cable Holdings, LLC, attn: Subpoena Compliance/Legal, c/o CT Corporation System, 208 LaSalle St, Chicago, IL 60604

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions in the attached order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most efficient and cost effective format if you let us know what your preferred format is.

| Place: Steele Hansmeier, PLLC<br>161 N Clark St. Ste 4700<br>Chicago, IL 60601 | Date and Time:<br>09/06/2011 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___06/22/2011___

*CLERK OF COURT*

OR

_____   _____s/ John Steele_____
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Pink Lotus Entertainment, LLC _____, who issues or requests this subpoena, are:

John Steele, Steele Hansmeier PLLC, 161 N Clark St. Ste. 4700, Chicago, IL 60601, jlsteele@wefightpiracy.com; 312-880-9160

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

\*\* E-filed June 21, 2011 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PINK LOTUS ENTERTAINMENT, LLC, | No. C-11-02263 HRL |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO TAKE LIMITED EXPEDITED DISCOVERY |
| v. | |
| DOES 1-46, | |
| Defendants. | [Re: Docket No. 6] |

## BACKGROUND

Plaintiff Pink Lotus Entertainment, LLC ("Pink Lotus"), a Delaware-based producer of adult film content, filed this complaint on May 12, 2011. Pink Lotus alleges that at least forty-six unknown Defendants knowingly and willfully infringed its copyright by downloading and sharing its copyrighted work ("Work"). Specifically, Pink Lotus alleges that Doe Defendants engaged in unlawful concerted conduct for the purpose of infringing its Work using an online peer-to-peer ("P2P") file-sharing tool called BitTorrent, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.* (See Compl. at 4-6). The BitTorrent protocol, as explained by Judge Grewal:

> is a decentralized method of distributing data. Since its release approximately 10 years ago, BitTorrent has allowed users to share files anonymously with other users. Instead of relying on a central server to distribute data directly to individual users, the BitTorrent protocol allows individual users to distribute data amo[ng] themselves by exchanging pieces of the file with each other to eventually obtain a whole copy of the file. When using the BitTorrent protocol, every user simultaneously receives information from and transfers information to one another.

> In the BitTorrent vernacular, individual downloaders/distributors of a particular file are called "peers." The group of peers involved in downloading/distributing a particular file is called a "swarm." A server which stores a list of peers in a swarm is called a "tracker." A computer program that implements the BitTorrent protocol is called a BitTorrent "client."
>
> The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to the peers in the swarm until the user manually disconnects [from] the swarm or the BitTorrent client otherwise does the same.

Diabolic Video Productions, Inc. v. Does 1-2099, No. 10-CV-5865 (PSG), 2011 U.S. Dist. LEXIS 58351, at *3-4 (N.D. Cal. May 31, 2011). As Pink Lotus notes, the BitTorrent protocol "necessitates concerted action by many people in order to disseminate files" without which it is "impossible" for users to download files. (Compl. at 3:5-8). As each new peer joins a swarm and begins to download and share the designated file, the swarm grows larger and gains greater efficiency. (See Hansmeier Decl. at ¶ 7). BitTorrent also allows users to exchange files without having to disclose their identities, using only an Internet Protocol ("IP") address assigned to them by their respective Internet Service Providers ("ISP"). (See Compl. at 4).

Pink Lotus hired Media Copyright Group ("MCG"), a firm specializing in online piracy detection, to identify the IP addresses of individuals engaged in file-sharing of its copyrighted Work. (See Hansmeier Decl. at ¶¶ 12-20). MCG used proprietary forensic software to locate the swarms downloading and distributing Pink Lotus's Work and to identify the IP address of each user in the swarm, noting the date and time of the observed activity. (See id., Compl. Ex. A).

Pink Lotus joined multiple Doe Defendants in this suit, claiming that P2P sharing of its copyrighted Work comprised a transaction or series of transactions and asserting common questions of law and fact among each Defendant. (See Compl. at 3-4). Using the list of IP addresses, Pink Lotus seeks leave to subpoena the ISPs to identify each Doe Defendant's name, address, telephone number, email address, and Media Access Control information. (Application at 3:9-11). Pink Lotus claims that it cannot identify Doe Defendants for purposes of service of

process unless its Ex Parte Application for Leave to Take Limited Expedited Discovery ("Application") is granted.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(d), a court may authorize early discovery before the Rule 26(f) conference for the parties' convenience and in the interest of justice. FED. R. CIV. P. 26(f)(1), (2). Courts within the Ninth Circuit generally use a "good cause" standard to determine whether to permit such discovery. See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., No. 11–CV–01846 (LHK), 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011); Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, 208 F.R.D. at 276.

While discovery normally only takes place after a defendant has been served, where the alleged tortious activity occurs entirely on-line, "[s]ervice of process can pose a special dilemma for plaintiffs ... because the defendant may have used a fictitious name and address in the commission of the tortious acts." Liberty Media Holdings, LLC v. Does 1-62, No. 11-CV-575 MMA (NLS), 2011 WL 1869923, at *2 (S.D. Cal. May 12, 2011) (quoting Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999)). In determining whether there is good cause to allow expedited discovery to identify anonymous Internet users named as Doe defendants, courts consider whether: (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss, and; (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible. Seescandy.com, 185 F.R.D. at 578-80.

## DISCUSSION

Pink Lotus has met its burden as set forth above. First, Pink Lotus's agent MCG used its forensic software to identify the unique IP addresses of individuals engaged in P2P sharing of

3

the Work, noting the date and time of this activity. (See Hansmeier Decl. at ¶¶ 15-17). The forensic analysis included verification of each IP address to ensure that it corresponded to users who actually reproduced and distributed the Work. (See id. at ¶¶ 18-20). Plaintiff also used "geolocation" technology to trace these IP addresses to a point of origin within the state of California. (Compl. at ¶ 3). Pink Lotus has sufficiently shown that Doe Defendants are real persons likely residing in California who may be sued in this Court.

Second, Pink Lotus has taken reasonable steps to identify these Doe Defendants but has been unable to do so. MCG's investigation revealed only the IP addresses of Doe Defendants and their affiliated ISPs, noting the date and time of the observed activity. (Hansmeier Decl. at ¶¶ 15-18). Pink Lotus asserts that it has exhausted all other means of identifying Doe Defendants and that ultimate identification depends on a court order authorizing a subpoena of the ISPs. (Application at 8:7-18).

Third, this court is satisfied that Pink Lotus's complaint would likely withstand a motion to dismiss. Pink Lotus has sufficiently pled a prima facie case of copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and Doe Defendants, having engaged in the same transaction or series of transactions, share common questions of law and fact and are thus properly joined.

Fourth, Pink Lotus has shown that there is a reasonable likelihood that its requested discovery will lead to the identification of Doe Defendants. Pink Lotus asserts that ISPs assign a unique IP address to individual users and that the ISP retains records pertaining to those IP addresses for a limited period of time. (Hansmeier Decl. at ¶¶ 16-17).

## CONCLUSION

Based on the foregoing, the Court GRANTS Pink Lotus's motion for expedited discovery. Accordingly, IT IS ORDERED THAT:

1. Pink Lotus may immediately serve Rule 45 subpoenas on the ISPs listed in Exhibit A to the Complaint to obtain information to identify each Doe Defendant, including the name, address, telephone numbers, email addresses, and media access control information. Each subpoena shall have a copy of this

Case5:11-cv-02263-HRL Document8 Filed06/21/11 Page5 of 6

1. Order attached.

2. Each ISP will have 30 days from the date of service upon them to serve the subscribers of the IP addresses with a copy of the subpoena and a copy of this order. The ISPs may serve the subscribers using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

3. Subscribers shall have 30 days from the date of service upon them to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30-day period lapses without a subscriber contesting the subpoena, the ISPs shall have 10 days to produce the information responsive to the subpoena to Pink Lotus.

4. The subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

5. Any ISP that receives a subpoena pursuant to this Order shall confer with Pink Lotus and shall not assess any charge in advance of providing the information requested in the subpoena. Any ISP that receives a subpoena and elects to charge for the costs of production shall provide Pink Lotus with a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by such ISP.

6. Pink Lotus shall serve a copy of this order along with any subpoenas issued pursuant to this order to the necessary entities.

7. Any information disclosed to Pink Lotus in response to a Rule 45 subpoena may be used by Pink Lotus solely for the purpose of protecting its rights as set forth in its complaint.

**IT IS SO ORDERED**

DATED: June 21, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

**C11-02263 HRL Notice will be electronically mailed to:**

Brett Langdon Gibbs          blgibbs@wefightpiracy.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**