Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PINK LOTUS ENTERTAINMENT LLC, | **No. C-11-02263 HRL** |
| Plaintiff, | Magistrate Judge: Howard R. Lloyd |
| v. | |
| DOES 1 – 46 | **PLAINTIFF'S RESPONSE IN OPPOSITION TO MOVANT'S MOTION TO QUASH AND VACATE SUBPOENA** |
| Defendants. | |

An pseudonymous individual ("Movant"), who identifies herself[1] as "nonparty Yolanda P" and claims to be associated with Internet Protocol ("IP") address 67.181.241.213, filed a motion to quash an outstanding nonparty subpoena issued to Comcast Cable Holdings, LLC ("Comcast"). (Mot. of Nonparty to Quash and Vacate Su[b]poena, Aug. 4, 2011 [hereinafter Mot. to Quash #12], ECF No. 12.) Movant argues that the subpoena should be quashed because the Order Granting Plaintiff's Ex Parte Application to Take Limited Expedited Discovery (June 21, 2011, ECF No. 8) was not served on her (Mot. to Quash #12 ¶ 3), because the subpoena does not set forth a place for responding located within 100 miles of the residence of Movant (*id.* ¶ 4), because Comcast's compliance with the subpoena would unduly burden her (*id.* ¶ 5), and because Comcast's compliance with the subpoena would violate Movant's privacy. (*Id.* ¶ 5.)

---

[1] Because Movant self-identifies with a female name, this response will use the female pronoun form in reference to Movant. Plaintiff does not intend to concede the gender or identity of Movant, or of any Doe Defendant, by this choice of language.

# ARGUMENT

This brief consists of four parts: Part I identifies a serious procedural flaw in the instant motion, and argues that Movant should not be allowed to proceed under a pseudonym. Parts II–IV address Movant's arguments in favor of quashing the nonparty subpoena issued to Comcast. Part II argues that Movant's arguments that the subpoena was issued improperly are frivolous. Part III argues that Movant cannot credibly claim that the subpoena would unduly burden her, as that argument properly lies with Comcast. Part IV argues that Plaintiff has alleged a *prima facie* claim for copyright infringement, which outweighs Movant's limited privacy interests. Because each of Movants' arguments is fatally flawed, the Court should deny the instant motion.

## I. MOVANT SHOULD NOT BE ALLOWED TO PROCEED PSEUDONYMOUSLY

By bringing her motions pseudonymously, Movant improperly attempts to circumvent the presumptive openness of judicial proceedings. Movant withholds her last name, as well as all contact information, and does so without any explanation. (*See generally* Mot. to Quash #12.) The Court should deny Movant's attempt to proceed anonymously because she fails to meet or discuss her burden to justify doing so.

Federal Rule of Civil Procedure 11 provides that "[e]very pleading, written motion, and other paper must be signed" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11. This rule is intended to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and streamline the administration and procedure of federal courts. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 552, 111 S. Ct. 922, 934 (1990); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447, 2454 (1990). The rule is also intended to protect the public interest: "[P]arties to a lawsuit must typically openly identify themselves in their pleadings to 'protect[] the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)); *see also Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005). Even so, it is within the discretion of the district court to grant the "rare dispensation" of anonymity. *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).

Pseudonymous litigation has been permitted where the issues are "matters of a sensitive and highly personal nature such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979). The district court has a duty to consider the impact of a party's anonymity on both the public interest in open proceedings and on fairness to the opposing party. *Microsoft Corp.*, 56 F.3d at 1464. In conducting this balance, the court must weigh a plaintiff's "privacy concerns against the presumption of openness of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Factors for the court to consider include:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d at 238. As will be discussed in greater depth below, Movant has no cognizable privacy interest that is not outweighed by Plaintiff's need to protect its rights. *See supra* discussion Part IV; *see also, e.g.*, *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.). Because Movant fails to discuss the factors that would justify proceeding pseudonymously, let alone to argue that those factors weigh in favor of allowing her to do so, Movant's request should be denied. At least two other federal courts handling similar BitTorrent copyright infringement cases ordered John Does who filed papers with the court to also file a notice indicating their identity by name, address, phone number, and email address. *See* Order to Show Cause 1–2, *Hard Drive Prods. v. Does 1–21*, No. 4:11-cv-59-SEB-WGH (S.D. Ind. July 27, 2011) (Barker, J.), ECF No. 22 (determining that "the Court cannot permit anonymous persons to litigate before it *pro se*" and requiring anonymous *pro se* defendants to "reveal his or her identity to the Court in an *ex parte* filing allowing the Court to decide whether the defendant can continue in that capacity"); Order Denying Implied Request to Proceed Anonymously 3, *Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1–4,577*, No. 10-453 (RMC) (D.D.C., Sept. 16, 2010)

3

(Collyer, J.), ECF No. 91. This Court should do the same, and deny pseudonymous movants the ability to litigate under false names.

## II. MOVANT'S ARGUMENTS THAT THE SUBPOENA WAS IMPROPERLY ISSUED TO COMCAST PURSUANT TO THE COURT'S JUNE 21 ORDER AND FED R. CIV. P. 45 ARE FRIVOLOUS

Movant argues that the Court's Order Granting Plaintiff's *Ex Parte* Application to Take Limited Expedited Discovery required that a copy of the Order be served on her (June 21, 2011 [hereinafter June 21 Order], ECF No. 8), and that this was not done. (Mot. to Quash #12 ¶ 3.) Movant further argues that Fed. R. Civ. P. 45(c)(3)(A)(ii) required that the subpoena set forth a place for responding thereto within 100 miles of her residence, and that this was not done. (Mot. to Quash #12 ¶ 4.) Movant's arguments are frivolous, and arise from fundamental misinterpretations of both the Court's June 21 Order and the Federal Rules of Civil Procedure.

While Plaintiff believes that evidence in Movant's own brief shows that she was served with a copy of the June 21 Order by her ISP, or at least at some point read a copy of such, Plaintiff has no first-hand knowledge of whether Comcast served her with a copy of the June 21 Order, and argues that in either case the matter is wholly irrelevant to whether Plaintiff's subpoena should be quashed. The portion of the June 21 Order which Movant relies upon specifically required that Plaintiff attach a copy of the Order to each ISP subpoena:

> 1. Pink Lotus may immediately Serve Rule 45 subpoenas on the ISPs listed in Exhibit A to the Complaint to obtain information to identify each Doe Defendant . . . . Each subpoena shall have a copy of this Order attached.

(June 21 Order 4–5.) No mention of customers, subscribers, or pseudonymous movants is made in this portion of the June 21 Order. This portion of the Order establishes only the contours of the relationship between Plaintiff and the ISPs upon which it serves subpoenas. Movant, who does not possess any first-hand knowledge of what documents her ISP may have been served with, simply cannot step into the shoes of an ISP and object under this provision of the June 21 Order. In contrast, the following portion of the June 21 Order addresses the documents that should have reached Movant:

4

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO QUASH AND VACATE SUBPOENA  No. C-11-02263-HRL

> 2. Each ISP will have 30 days from the date of service upon them to serve the subscribers of the IP addresses with a copy of the subpoena and a copy of this order. The ISPs may serve the subscribers by any reasonable means . . . .

(June 21 Order 5.) No mention of "Pink Lotus" or "Plaintiff" is made in this portion of the June 21 Order. This portion of the Order establishes only the contours of the relationship between the ISPs that have been served with subpoenas and their subscribers.[2] Movant claims to be a subscriber to Comcast. (Mot. to Quash #12 ¶ 2.) Assuming, *arguendo*, that Comcast did not serve a copy of the Order upon Movant, as she claims, the responsibility for failing to comply with the Order would lie with Comcast and not with Plaintiff. It would be wholly illogical to construe a subpoenaed nonparty's noncompliance with the Court's Order granting discovery as a basis to quash the subpoena issued to it and prevent said discovery. Accepting Movant's argument would allow a reluctant subpoenaed person or entity to justify withholding information solely through its own recalcitrance, and is therefore incompatible with the rule of law. Indeed, the Federal Rules of Civil Procedure provide for sanctions against persons or entities who fail to comply with discovery orders. *See* Fed. R. Civ. P. 37, 45(e). In either case, whether Movant was or was not served with a copy of the June 21 Order by Comcast, the subpoena issued by Plaintiff to Comcast should not be quashed.

Similarly, the location of Movant's residence is irrelevant to whether Plaintiff's nonparty subpoena should be quashed, as Plaintiff's subpoena is not directed at Movant but at Comcast. Movant is not commanded to travel anywhere to produce anything whatsoever at any location. Movant references Fed. R. Civ. P. 45(c)(3)(A)(ii), which provides that the issuing court must quash or modify a subpoena that:

> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is to be held . . . .

---

[2] At that juncture, Plaintiff had no idea as to any of the Doe Defendants' indentifying information. Thus, as the Court apparently concluded in its June 21 Order, the onus would logically fall on the ISP to deliver a copy of the Order to its subscribers.

Fed. R. Civ. P. 45(c)(3)(A)(ii). Movant has attached a copy of the subpoena, apparently as was provided to Movant by Comcast, which clearly shows that the subpoena was issued from the United States District Court for the Northern District of Illinois, to Comcast's authorized subpoena compliance agent in Chicago, Illinois, and requires that the requested information be returned to Plaintiff's counsel's Chicago office. (Mot. to Quash #12 at 7.) The identity records are required to be produced at Plaintiff's counsel's office in Chicago, Illinois. Comcast—which is located in the Northern District of Illinois and has an official agent in Chicago, Illinois—is simply required to mail the documents, or have them delivered, to the Plaintiff's counsel's office in Chicago. Therefore, no travel is required on the part of Comcast, let alone travel of "more than 100 miles." Fed. R. Civ. P. 45(c)(3)(A)(ii). Additionally, no travel is required on the part of Movant because the subpoena is not directed at her, and the location of Movant's residence is thus wholly irrelevant. Because Movant's arguments that the subpoena was improperly issued are without merit and based on misinterpretations of the plain language of the June 21 Order and Fed. R. Civ. P. 45, the Court should deny the instant motion to quash the nonparty subpoena issued to Comcast.

### III. MOVANT CANNOT CREDIBLY CLAIM THAT COMCAST'S COMPLIANCE WITH THE SUBPOENA WOULD UNDULY BURDEN HER

Movant claims that the subpoena should be quashed because disclosure of her identity would subject her to an undue burden. (Mot. to Quash #12 ¶ 5.) Movant bears the responsibility of proving undue burden, and "the burden is a heavy one," requiring Movant to establish that compliance with the subpoena would be "unreasonable and oppressive." *In re Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal. 1998) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Movant cannot credibly claim any hardship at this juncture; only the nonparty ISP subject to Plaintiff's subpoena could potentially claim the same.

The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). Movant's only allowable basis for quashing a subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Id.* 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here; in particular, undue burden objections properly lie with subpoenaed ISPs, and not with Movant. *See* Mem. Op. & Order, *First Time Videos,*

*LLC v. Does 1–500*, No. 10-C-6254 (N.D. Ill. Aug. 9, 2011) (Castillo, J.) ("[I]f anyone may move to quash these subpoenas on the basis of an undue burden, it is the ISPs themselves, as they are compelled to produce information under the subpoena."); *Call of the Wild Movie v. Does 1–1,062*, No. 10-455 (BAH), 2011 WL 996786, at *16 (D.D.C. Mar. 22, 2011) (describing undue burden test as balancing the burden imposed on the *party subject to the subpoena*, the relevance of the information sought, the breadth of the request, and the litigant's need for the information); *Kessel v. Cook Cnty.*, No. 00-3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) (noting that objections based on burden lie with the subpoenaed party and rejecting all of plaintiffs' objections to defendants' nonparty subpoenas except "the objections that are personal to the plaintiffs," namely "privacy, privilege and harassment").

Movant essentially argues that Comcast's compliance with Plaintiff's nonparty subpoena would be "unduly burdensome" because it would violate her "legitimate expectation of privacy in anonymously accessing and/or downloading information of interest." (Mot. to Quash #12 ¶ 5.) However, as will be discussed further in the following section, Movant has no legitimate privacy interest that is not outweighed by Plaintiff's need for the identifying information. *See* discussion *infra* Part IV. More importantly under the standards governing an undue burden objection, Movant has not yet been named as a party to this action. Because Movant is currently merely an anonymous nonparty on notice of her potential future status as a party defendant, Movant is not required to respond to the allegations presented in Plaintiff's Complaint nor otherwise litigate in this district. *See, e.g.*, *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *3 (D.D.C. May 12, 2011) (Howell, J.). Movant faces no obligation to produce any information under the subpoena issued to her nonparty ISP and consequently "cannot claim any hardship, let alone undue hardship." *Id.*; *see also Worldwide Film Entm't, LLC v. Does 1–749*, No. 10-0038, 2010 WL 19611962, at *2 (D.D.C. May 17, 2010) (finding that movant challenging nonparty ISP subpoena cannot demonstrate "*any* burden"). As Judge Chen of the Northern District of California wrote in response to similar motions, "being named as a defendant in a case does not in and of itself constitute an undue burden such that the subpoena should be quashed." Order Den. Does' Mots. to Quash, *Hard Drive Prods., Inc. v. Does 1–46*, No. 11-1959 (N.D. Cal. June 16, 2011), ECF No. 19.

Movant bears a heavy burden of persuasion in establishing that Comcast's compliance with the nonparty ISP subpoena would be unreasonable and oppressive—a burden that Movant has no chance of meeting, as multiple courts have recently ruled in similar cases. Mem. Op. & Order 14, *First Time Videos, LLC v. Does 1–500*, No. 10-C-6254 (N.D. Ill. Aug. 9, 2011) (Castillo, J.) ("The subpoenas served on Doe Defendants' ISPs do not subject the Doe Defendants to an undue burden . . . ."); Order 1, *MCGIP, LLC v. Does 1–14*, No. 11-C-2887 (N.D. Ill. July 26, 2011) (Lindberg, J.) ("[G]iven that the subpoenas were issued to the Does' ISPs, rather than to the Does themselves, any potential burden would be shouldered by the ISPs."); Order Den. Doe's Mot. to Quash, *Hard Drive Prods., Inc. v. Does 1–46*, No. 11-1959 (N.D. Cal. June 23, 2011) (Chen, J.); *MGCIP* [sic] *v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958, at *1 (N.D. Ill. June 9, 2011) (Kendall, J.) (finding that because Plaintiff "issued the subpoenas to internet service providers," the moving putative defendants "cannot maintain that the subpoenas create an undue burden on them"); *Voltage Pictures*, 2011 WL 1807438, at *3. The Court should deny Movant's motion because only a subpoenaed ISP could credibly bring an undue burden argument.

### IV.   PLAINTIFF HAS STATED A *PRIMA FACIE* CLAIM FOR COPYRIGHT INFRINGEMENT WHICH OUTWEIGHS MOVANT'S LIMITED PRIVACY INTERESTS

Movant claims that the release of her identifying information would violate her "privacy interest in avoiding . . . disclosure" and her "legitimate expectation of privacy in anonymously accessing and/or downloading information of interest to [her] from the Internet." (Mot. to Quash #12 ¶ 5.) These arguments are unavailing because Plaintiff has stated a *prima facie* claim for copyright infringement which outweighs Movant's limited privacy interests. The First Amendment does not provide a shield for copyright infringers. The Supreme Court, accordingly, has rejected First Amendment challenges to copyright infringement actions. *See, e.g.*, *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 555–56, 569 (1985). Additionally, courts have consistently held that Internet subscribers, like Movant, do not have a reasonable expectation of privacy in their subscriber information, as they have already conveyed such information to their ISPs. *See Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1–4,577*, 736 F. Supp. 2d 212, 216 (D.D.C. 2010) (collecting cases).

Courts around the country and within the Northern District of California have repeatedly held that a person who uses the Internet to download or distribute copyrighted works without permission is engaging in the exercise of speech, but only to a very limited extent, and the First Amendment does not protect that person's identity from disclosure. *See, e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity); *Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights."); *UMG Recordings, Inc. v. Does 1–4*, No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006) (Chen, J.) (applying the *Sony Music* factors and allowing discovery of Doe defendants' identities); *Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims.").

The *Sony Music* court found that the plaintiffs had made a *prima facie* showing of copyright infringement by alleging (1) ownership of the copyrights or exclusive rights of copyrighted sound recordings at issue; and (2) that "each defendant, without plaintiffs' consent, used, and continue[d] to use an online media distribution system to download, distribute to the public, and/or make available for distribution to others certain" copyrighted recordings. 326 F. Supp. 2d at 565. Here, Plaintiff has exhaustively satisfied the standard for a *prima facie* showing of copyright infringement. First, it alleged ownership of the copyrights of the creative Video at issue in this case. (*See* Compl. ¶¶ 18–20, 26.) Second, it also submitted supporting allegations and evidence, listing the copyrighted Video and detailing how it was downloaded or distributed by Defendants using BitTorrent. (*See* Compl. ¶¶ 3, 7–8, 22–24.) Thus, the limited protection afforded to Defendants by the First Amendment must give way to Plaintiff's need to enforce its rights.

Movant cannot cloak his identity in a general claim of privacy when his infringing activities are not private: "[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so."

*MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.); *see also Voltage Pictures*, 2011 WL 1807438, at *4 (finding movants' rights to anonymity to be minimal); *In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003) ("[I]f an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world."), *rev'd on other grounds sub nom, Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003). Because the First Amendment is not a shield for copyright infringement, and because Plaintiff has exhaustively stated a *prima facie* case for copyright infringement, the Court should deny Movant's motion.

## CONCLUSION

The Court should deny Movant's motion. Movant should not be allowed to proceed anonymously; Movant's arguments that the subpoena was improperly issued under the Court's Fed. R. Civ. P. 45 are frivolous; Movant cannot credibly claim that compliance with the subpoena would unduly burden her; and Plaintiff has stated a *prima facie* claim for copyright infringement which outweighs Movant's limited privacy interests.

Respectfully Submitted,

STEELE HANSMEIER PLLC,

**DATED: August 12, 2011**

By:       /s/ Brett L. Gibbs, Esq.
Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 12, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachements and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/ Brett L. Gibbs_____

Brett L. Gibbs, Esq.