Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PINK LOTUS ENTERTAINMENT LLC, ) | No. C-11-02263 HRL |
| ) Plaintiff, ) | **PLAINTIFF'S CASE MANAGEMENT** |
| v. ) | **CONFERENCE STATEMENT** |
| ) DOE DEFENDANT ASSOCIATED WITH ) IP ADDRESS 67.181.241.213, ) ) Defendant. ) ) | |

**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**

Plaintiff Boy Racer, Inc., by and through its counsel, hereby submits Plaintiff's Case Management Conference Statement pursuant to the Court's Order Setting Initial Case Management Conference (ECF No. 3), and Northern District of California Civil Local Rule (hereinafter "L.R.") 16-9(a).[1]

---

[1] At this juncture, there is no identifiable Doe Defendant.  The Subscriber, self-identified as "Yolanda P" and associated directly to Internet Protocol address (hereinafter "IP address") 173.67.109.59 (referred to herein as "Yolanda P"), brought a Motion of Nonparty to Quash and Vacate Supoena (*sic*). (ECF No. 12, hereinafter "Motion to Quash"). Yolanda P, however, has never provided Plaintiff any contact information.  As such, Plaintiff's attorney has been unable to contact Yolanda P to discuss, among other things, whether he or she would like to collaborate on this Statement.  As such, Plaintiff is filing this statement on its own.

Further, in light of some recent confusion in this district, Plaintiff feels that it must explain to the Court the nuances of its case.  To be clear, Plaintiff is asking the Court for the identifying information of the ISP subscriber, which at this point in the case is only Yolanda P, whose IP address was used to unlawfully distribute Plaintiff's copyrighted Work via BitTorrent. The general labels "Doe Defendant" and "Subscriber" are used interchangeably throughout this brief and those previously filed by Plaintiff for good reason: they often represent one-and-the-same individual. In other words, the

1. **Jurisdiction and Service:**

Per L.R. 3-5, and as alleged in Plaintiff's Complaint (ECF No. 1 ¶ 2), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution. As Doe Defendant has not been identified or served, he or she has not made any counterclaims in this matter.

This Court has personal jurisdiction over all of the parties because, upon credible information and belief gathered by Plaintiff, the Doe Defendant, using IP address 67.181.241.213, either resides or committed copyright infringement in the State of California. Plaintiff used geolocation technology to trace the IP address of Doe Defendant to a point of origin within the State of California. Thus, there are no actual or potential personal jurisdiction issues in this case.

At this time, the remaining unidentified Doe Defendant—after Plaintiff filed its Notice of Voluntary Dismissal of Action Without Prejudice as to All Doe Defendants Except Doe Defendant

---

individual who subscribes in the household is in fact the infringer. For instance, an individual who lives alone with a secure wireless Internet connection is very likely to be both the subscriber and the Doe defendant. In contrast, where the subscriber is, for example, the wife of the household it is probably the case—given the nature of Plaintiff's content—that the husband or a college-aged son is the appropriate Doe defendant in this hypothetical situation. In other words, in the latter example, the subscriber and the Doe defendant are most likely not the same individual and limited additional discovery is needed to identify the Doe defendant.

Now, in this particular situation, because a Motion to Quash appears to have been timely filed by Yolanda P, Plaintiff has no identifying information for him/her per the Court's Order Granting Plaintiff's Ex Parte Application for Leave to Take Limited Expedited Discovery. (ECF. 8, hereinafter "June 21 Order"). At this stage, therefore, there is no telling whether Yolanda P is in fact the Doe Defendant in this case. Before getting Yolanda P's identifying information, speaking with him/her, and conducting its own investigation on this very issue, Plaintiff has no ability to tell the Court, at this point, whether it will have a "reasonable bas[is]" to name, and then serve, Yolanda P under Federal Rule of Civil Procedure 11. No matter what, Plaintiff will proceed with an abundance of caution, and will not name Yolanda P, or anyone else for that matter, until Plaintiff believes that it has that "reasonable bas[is]" to do so. It is also premature, as some courts have done, to speculate as to whether Plaintiff may need more discovery to ultimately name the Defendant in this case. Plaintiff is so far away from that realm at this time. First things first: Plaintiff needs to identify the IP address account holder before it can take any further actions in this case. Without such, Plaintiff is unable to pursue its copyright claims against the Doe Defendant remaining in this case.

Self Identified as "Yolanda P" and Associated with the IP Address 67.187.241.231 (ECF No. 21, Plaintiff's Voluntary Dismissal Except IP Address 67.187.241.231)—who used IP Address 67.187.241.231 to illegally infringe on Plaintiff's copyrighted works has not been served for the simple reason that he or she still has yet to be identified. In light of Yolanda P's Motion to Quash, Plaintiff has been unable to obtain the Subscriber's identifying information, and further prosecute the case.

**2. Facts:**

Plaintiff is an organization that holds the distribution copyrights to certain adult entertainment content. Doe Defendant is an alleged copyright infringer. Yolanda P is the Subscriber whose IP address was used to illegally download Plaintiff's copyrighted works. Yolanda P is also the potential Doe Defendant in this case. At this early stage, however, there is no telling before getting Yolanda P's contact information.

Certain facts in this case, including the following, are absolutely known at this time. Doe Defendant, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. Defendant operated under the cover of a network address when he/she joined a common swarm composed of fellow infringers, who downloaded the same exact file and unlawfully distributed Plaintiff's copyrighted works amongst one another. Due to the quasi-anonymous fashion in which Doe Defendant conducted him/herself online, Plaintiff is unaware of Doe Defendant's actual identifying information—including his/her name, address, telephone, and Media Access Control ("MAC") information.

Through unique proprietary software, Plaintiff's agents identified Doe Defendant by a unique IP address, assigned to him/her by his/her ISP on the date and at the time of Doe Defendant's infringing activity. While these were not the only times of Doe Defendant's infringing activities, this was a snapshot of such activities personally observed by Plaintiff's technicians and recorded in Exhibit A attached to the Complaint. (ECF No. 1 at 13). Plaintiff, by and through its investigators,

also made a copy of substantial portions of the copyrighted work that Doe Defendant unlawfully distributed or made available for distribution through the file sharing networks, and confirmed that such files contained the work that was copyrighted by Plaintiff. A technician collected this data through systems and procedures specifically designed to ensure that the information gathered on each Doe Defendant was accurate.

Through Plaintiff's agents' work, it is overwhelmingly clear that an unidentified individual using the identified IP address (as specified on Exhibit A of Plaintiff's Complaint), which was assigned to Yolanda P by his/her ISP, unlawfully downloaded Plaintiff's copyrighted works on the Internet via BitTorrent. (ECF No. 1 at 13.) The pending question at this point: Who is Yolanda P?

Should the deny the Motion to Quash, and allow Plaintiff to proceed with its discovery, from there, once Yolanda P is identified, the issue down the road becomes whether it was Yolanda P who unlawfully downloaded Plaintiff's copyrighted work through IP address 67.181.241.213, or another individual in his/her household using his/her online network. At this point, however, that is not relevant to the Motion to Quash currently pending before the Court. As stated, Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery (ECF No. 6), and the Court's June 21 Order subpoenas, *could* sufficiently allow Plaintiff to identify the remaining Doe Defendant in this case.

**3. Legal Issues:**

At this point, there is no legal issue. Plaintiff states a *prima facie* case for copyright infringement.

**4. Motions:**

On May 11, 2011, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 6.) On June 21, 2011, that Application was granted in the June 21 Order. (ECF No. 8.)

On July 7, 2011, Plaintiff filed its *Ex Parte* Application for Leave to Continue Initial Case Management Conference. (ECF No. 9.) On July 11, 2011, that motion was granted. (ECF No. 11.)

On August 4, 2011, Movant Yolanda P filed the Motion to Quash. (ECF No. 11). On August 12, 2011, Plaintiff filed its Response in Opposition to Motion to Quash. (ECF No. 15). On August

23, 2011, Movant Yolanda P filed the Reply to the Opposition. (ECF No. 16). A hearing on that Motion to Quash is scheduled for October 11, 2011 at 10:00 a.m. in Courtroom 2 of the San Jose Federal Courthouse. (*See* ECF No. 18).

**5. Amendment of Pleadings:**

None.

**6. Evidence Preservation:**

Plaintiff's agents at Media Copyright Group, LLC ("MCG") engaged in real time monitoring of Doe Defendant's infringing activity using its proprietary software. MCG's proprietary software is effective in capturing granular-level data about the activity of peers in a swarm and their infringing conduct. MCG's processes are designed to ensure that information gathered about Doe Defendant is accurate. Once gathered and it is determined that the information is relevant to an upcoming case, this information is stored by MCG for trial.

When the Court granted Plaintiff the right to issue a subpoena to identify the Doe Defendant remaining in this case, the ISP was clearly instructed to preserve all available subscriber information relating to the IP address 67.181.241.213 (June 21 Order, ECF No. 8.) While most IP addresses are dynamic, and there are no uniform governmental rules for keeping subscriber information at this time, the Court's previous order ensured that all information then known to the ISP concerning said IP address at the time the Court's order was received by the ISP would be preserved until notified otherwise.

**7. Disclosures:**

Plaintiff is in the process of formulating and filing initial disclosures for the Initial Case Management Conference.

**8. Discovery:**

As noted above, on May 11, 2011, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 6.) On May 31, 2011, that Application was granted. (ECF No. 8.) This allowed Plaintiff to subpoena identifying information from the ISPs relating to the unidentified Subscribers who was associated with the IP addresses listed on Exhibit A of the Complaint (ECF

No. 1 at 13.).  Later, on September 27, 2011, Plaintiff filed its Voluntary Dismissal Except IP Address 67.187.241.231 leaving one Doe Defendant remaining in this case.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

Not applicable.

**11. Relief:**

Plaintiff prays for the following relief in this case, as fully outlined in its Complaint: (1) That the Court enter a written judgment declaring that the Doe Defendant infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful; (2) That the Court enter a written judgment declaring that Doe Defendant has injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint; (3) That the Court issue injunctive relief against Doe Defendant, enjoining and restraining the Doe Defendant and all others in active concert with him/her from further violating Plaintiff's copyrighted works, and further issue an order impounding or requiring Doe Defendant to destroy all copies of those unlawfully copyrighted files in Doe Defendant's possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a); and (4) That the Court enter a written judgment in favor of the Plaintiff against Defendant for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages up to one-hundred and fifty-thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial.

As previously discussed, there are no counterclaims.

**12. Settlement and ADR:**

Considering the strength of Plaintiff's case, the prospects for settlement should be extremely high.

Currently, the Court has not scheduled an ADR Phone Conference despite Plaintiff's request. (*See* ECF. No. 11.). Practically speaking, however, at this point, without an identifiable Defendant in this case, there seems to be no need for such a Conference.

**13. Consent to Magistrate Judge For All Purposes:**

Plaintiff has consented to proceed in front of the Honorable Magistrate Judge Paul S. Grewal for all purposes.

**14. Other References:**

None that the parties can identify at this time.

**15. Narrowing of Issues:**

Plaintiff would be more than happy to narrow the issues in this case. Plaintiff believes that this could expedite this case, and lead to a fair and economic result. However, Plaintiff recognizes that this case cannot proceed forward without the resolution of Yolanda P's Motion to Quash.

**16. Expedited Schedule:**

Plaintiff has no objection to this case being handled in an expedited manner. However, again, Plaintiff recognizes that this case cannot proceed forward without the resolution of Yolanda P's Motion to Quash. The hearing on that Motion is set for October 11, 2011.

**17. Scheduling:**

Without Defendant being involved in this process, or knowing whether there will be a Defendant in this matter at all (i.e. whether the Court will allow Plaintiff to proceed with its discovery) any schedule would be impossible to map out at this point.

**18. Trial:**

Again, at this point, without Defendant being involved in this process, or knowing whether there will be a Defendant in this matter, it would be hard for Plaintiff to guess as to how long a trial of this case will take. Should the Court require that guess, Plaintiff would estimate two full days.

**19. Disclosure of Non-Party Interested Entities or Persons:**

Plaintiff has filed its Certification of Interested Entities or Persons. (May 6, 2011, ECF No. 2.)

Plaintiff believes there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (other than the parties themselves) that may have a personal or affiliated financial interest in this subject matter in controversy, or any other kind of interest that could be substantially affected by the outcome of the proceedings other than the parties.

**20. Other Matters:**

It is Plaintiff's view that there is no logical reason that this case should go to trial. However, Plaintiff is more than willing to bring it there if necessary. At this point, the pending question is: Who is Yolanda P?  Should the Court deny the Motion to Quash, Plaintiff will find out this information, and be able to fully identify Yolanda P, and, further, may be able to identify the Doe Defendant in this case.  A hearing on that Motion to Quash is scheduled for October 11, 2011 at 10:00 a.m. in Courtroom 2 of the San Jose Federal Courthouse. (*See* ECF No. 18).

Respectfully Submitted,

STEELE HANSMEIER PLLC,

**DATED: September 27, 2011**

By:   \_\_\_\_/s/  Brett L. Gibbs, Esq._____

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 27, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

                                                /s/ Brett L. Gibbs
                                                  Brett L. Gibbs, Esq.